## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

KYLE-ABRAN GARCIA,

      Plaintiff

v.

KEN FURLONG, et. al.,

      Defendants

Case No.: 3:21-cv-00421-MMD -WGC

**Order**

Re: ECF Nos. 1-1, 7

Plaintiff has filed an application to proceed in forma pauperis (IFP) (ECF No. 7) and pro se complaint (ECF No. 1-1).

## I. IFP APPLICATION

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)

(quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Plaintiff cannot pay the filing fee; therefore, the application is granted.

## II. SCREENING

**A. Standard**

"[T]he court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. As such, when reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less

1  stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9

2  (1980) (internal quotation marks and citation omitted).

3       A complaint must contain more than a "formulaic recitation of the elements of a cause of

4  action," it must contain factual allegations sufficient to "raise a right to relief above the

5  speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading

6  must contain something more … than … a statement of facts that merely creates a suspicion [of]

7  a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a

8  plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at

9  570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

10       A dismissal should not be without leave to amend unless it is clear from the face of the

11  complaint that the action is frivolous and could not be amended to state a federal claim, or the

12  district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d

13  1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

14  **B. Plaintiff's Complaint**

15       Plaintiff's complaint names Sheriff Ken Furlong, Detective Brett Bindley, Martinez and

16  "all other co-conspirators" present at time of arrest." (ECF No. 1-1 at 1-2.) Plaintiff alleges that

17  Martinez stopped Plaintiff under the false pretense of expired tags in violation of

18  18 U.S.C. § 1001. He also alleges that Martinez infringed his constitutional right to travel for

19  reason of "expired tags" in violation of 18 U.S.C. § 242.

20       Next, he avers that Sheriff Furlong placed Plaintiff under surveillance with the intent to

21  harass or intimidate in violation of 18 U.S.C. § 2261A. He further alleges that Martinez broke

22  into Plaintiff's property and forced Plaintiff out and into handcuffs in violation of 18 U.S.C.

23  § 113.

Then, he claims that Sheriff Furlong conspired with others to deprive Plaintiff of the constitutional right to travel in violation of 18 U.S.C. § 241.

Next, he alleges that Bindley ordered Plaintiff's means of travel to be seized upon false pretenses in violation of 18 U.S.C. § 2314. He also claims that Bindley searched his property without a warrant in violation of 18 U.S.C. § 2236, and arrested Plaintiff without a warrant and without probable cause. He states that this equates to an unreasonable search and seizure and cruel and unusual punishment.

Plaintiff's allegations are bare-bones, vague and conclusory. A complaint must contain a short and plain statement of the claim, but there must be *factual* allegations sufficient to state a claim for relief that is plausible on its face. Plaintiff's complaint is devoid of any meaningful facts.

Moreover, the statutes Plaintiff cites do not give rise to claims for relief. 18 U.S.C. §§ 113, 241, 242, 1001, 2236,  2261 and 2314 are criminal statutes, the violation of which may result in the imposition of a fine or term of imprisonment, but they do not apply to a civil action.

Plaintiff also mentions the Fourth Amendment and the Eighth Amendment.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend IV.

"The Fourth Amendment prohibits government officials from detaining a person in the absence of probable cause." *Manuel v. City of Joliet, Ill*, 137 S.Ct. 911, 918 (2017) (citation omitted). "The absence of probable cause is a necessary element of a § 1983 false arrest … claim[ ]." *Yousefian v. City of Glendale*, 779 F.3d 1010, 1014 (9th Cir. 2015) (citations omitted). If the person has not yet been convicted, the court should exercise its discretion to refrain from addressing such a claim until the criminal case has ended. *Wallace v. Kato*, 549 U.S. 384, 393-94

(2007). If the person has been convicted, a finding that there was no probable cause for the arrest would render the criminal conviction invalid, and dismissal without prejudice is required under *Heck v. Humphrey*, 512 U.S. 477 (1994).

The Ninth Circuit has held that a "§ 1983 action alleging illegal search and seizure of evidence upon which criminal charges are based does not accrue until the criminal charges have been dismissed or the conviction has been overturned." *Harvey v. Waldron*, 110 F.3d 1008, 1015 (9th Cir. 2000), *overruled in part on other grounds by Wallace v. Kato*, 549 U.S. 384, 393=94 (2007).

Plaintiff does not indicate whether he was charged and convicted, or whether charges were dropped, or any conviction has been invalidated so the court can determine whether he states a Fourth Amendment claim, and whether such a claim could proceed at this time.

The Eighth Amendment states: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const., amend VIII. Plaintiff references the Eighth Amendment's Cruel and Unusual Punishment Clause. "[T]he Eighth Amendment applies to conditions of confinement that are not formally imposed as a sentence for a crime." *Helling v. McKinney*, 509 U.S. 25, 29 (1993). Plaintiff does not allege that he is a convicted prisoner such that the Cruel and Unusual Punishment Clause would apply to him.

For these reasons, Plaintiff's complaint will be dismissed, but with leave to amend.

### III. CONCLUSION

(1) Plaintiff's IFP application (ECF No. 7) is **GRANTED**.

(2) The Clerk shall **FILE** the Complaint (ECF No. 1-1).

(3) The Complaint is **DISMISSED WITH LEAVE TO AMEND**.

(4) Plaintiff has **30 DAYS** from the date of this Order to file an amended complaint correcting the deficiencies noted above. The amended complaint must be complete in and of itself without referring or incorporating by reference any previous complaint. Any allegations, parties, or requests for relief from a prior complaint that are not carried forwarded in the amended complaint will no longer be before the court. Plaintiff shall clearly title the amended pleading  as "AMENDED COMPLAINT." If Plaintiff fails to file an amended complaint within the 30 days, the action may be dismissed.

**IT IS SO ORDERED**.


Dated: January 24, 2022

William G. Cobb
United States Magistrate Judge